UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERNEST FRANKLIN CLARK,

        Plaintiff,

v.                                         Case No. 18-cv-337-pp

J. PHIL GILBERT and
UNKNOWN NAMED OFFICERS OF THE COURT,

        Defendants.

---

**ORDER REQUIRING THE PLAINTIFF TO FILE A CERTIFIED COPY OF HIS TRUST ACCOUNT STATEMENT FOR THE SIX-MONTH PERIOD IMMEDIATELY PRECEDING THE FILING OF THE COMPLAINT**

---

        The plaintiff, who is confined at the Butner Federal Medical Center, is representing himself. He has filed a civil rights complaint, alleging that the defendants violated his constitutional rights. Dkt. No. 1. He also filed a motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2. On March 5, 2018, a deputy clerk from the Clerk of Court's office mailed the plaintiff a letter, stating that the Prison Litigation Reform Act (PLRA) required him to file a certified copy of his prison trust account statement for the preceding six months. Dkt. No. 3. In response, the plaintiff has filed a document titled "Plaintiff's Objection to the Applicability of the Prison Litigation Reform Act." Dkt. No. 4.

        In his letter, the plaintiff cites to Porter v. Nussle, 534 U.S. 516 (2002), and states that the PLRA does not apply because his case does not concern prison conditions, but rather concerns acts committed outside prison walls.

Dkt. No. 4 at 1-2. The Porter case involved 42 U.S.C. §1997e(a), which says that a prisoner cannot file a §1983 lawsuit "with respect to prison conditions" "until such administrative remedies as are available are exhausted." This is commonly called the "exhaustion requirement" of the PLRA. In Porter, the Supreme Court held that the PLRA's *exhaustion* requirement applied to "all inmate suits about prison life, whether they involve general circumstance or particular episodes, and whether they allege excessive force or some other wrong." 534 U.S. at 532. Under Porter, then, an inmate whose §1983 complaint does not involve prison life is not required to exhaust his administrative remedies before he files his federal §1983 case.

A different provision of the PLRA, 28 U.S.C. §1915, governs payment of the filing fee. Under that part of the PLRA, "[a] prisoner seeking to bring a civil action . . . without prepayment of fees . . . shall submit a certified copy of the trust account statement (or institutional equivalent) for the 6-month period immediately preceding the filing of the complaint[.]" 28 U.S.C. §1915(a)(2). The statute also states that "if a prisoner brings a civil action or files an appeal *in forma pauperis* [without prepayment of the filing fee], the prisoner shall be required to pay the full amount of a filing fee." §1915(b)(1). The statute applies to all prisoners who file civil cases, not just those who complain about prison conditions. See §1915(a)(2), (b)(1). This law requires the plaintiff, just like other inmate prisoners who ask to proceed without prepaying the filing fee, to submit a copy of his trust account statement, to pay an initial partial filing fee and to pay the remainder of the filing fee over time.

The court **OVERRULES** the plaintiff's objection to the application of 28 U.S.C. §1915. The court **ORDERS** that the plaintiff shall file a certified copy of his trust account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint in time for the court to receive it by the end of the day on **Friday, May 18, 2018**. If the plaintiff does not file his trust account statement in time for the court to receive it by the end of the day on May 18, 2018, the court may require him to pay the filing fee in full before proceeding, or may dismiss his case for failure to diligently pursue it under Civil Local Rule 41.

Dated in Milwaukee, Wisconsin this 26th day of April, 2018.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**United States District Judge**