UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ERNEST FRANKLIN CLARK,

      Plaintiff,

v.                   Case No. 18-cv-337-pp

J. PHIL GILBERT and
UNKNOWN NAMED OFFICERS OF THE COURT,

      Defendants.

**ORDER SCREENING COMPLAINT, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND STAYING (ADMINISTRATIVELY CLOSING) CASE PENDING RESOLUTION OF APPEAL IN SEVENTH CIRCUIT CASE NO. 18-1615**

  The plaintiff, a federal prisoner incarcerated at the Butner Federal Medical Center, is representing himself. He filed a complaint alleging that the defendants violated his civil rights. Dkt. No. 1. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and stays his case pending resolution of his appeal in another case, <u>Clark v. United States</u>, No. 18-1615 (7th Cir. filed March 19, 2018).

**I. Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

  The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the ability to proceed with his case without prepaying the civil case filing fee if he meets certain conditions. One of those conditions is that the plaintiff pay an initial partial filing fee. 28 U.S.C.

1

§1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On May 18, 2018, the court ordered the plaintiff to pay an initial partial filing fee of $23.29. Dkt. No. 10. The court received that fee on June 15, 2018. The court will grant the plaintiff's motion for leave to proceed without prepayment of the filing fee, and will allow him to pay the remaining balance of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Plaintiff's Complaint**

    A.     <u>Federal Screening Standard</u>

The law requires the court to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id</u>. (citing <u>Twombly</u>, 550 U.S. at 556).

B.  The Plaintiff's Allegations

The plaintiff has sued J. Phil Gilbert, a United States District Judge for the Southern District of Illinois. Dkt. No. 1 at 2. He also has sued "Unknown Named Officers of the Court." Id. at 1.

The plaintiff alleges that Judge Gilbert acted "beyond the limits of 28 U.S.C. §§ 291, et seq., to deprive the plaintiff of his federal rights." Dkt. No. 1 at 3. He alleges that Judge Gilbert is not a resident judge of the Eastern District of Wisconsin and does not have the authority to exercise "such jurisdiction unless expressly conferred and limited by 28 U.S.C. §§ 291, et seq." Dkt. No. 1 at 3.

The plaintiff alleges that, under 28 U.S.C. §291, *et seq.*, Judge Gilbert was temporarily designated to the Eastern District of Wisconsin for the limited purpose of conducting the trial on case number 11-CR-30, and that the temporary designation expired at the end of the trial. Dkt. No. 1 at 3-4. The plaintiff states that after the expiration of the temporary designation, and after Judge Gilbert returned to his home district in Illinois, the plaintiff filed a petition for a writ of *habeas corpus* under 28 U.S.C. §2255 in the Eastern District of Wisconsin. Id. at 4. The plaintiff contends that even though the chief judge of the circuit did not issue a second designation under §291 for Judge Gilbert to preside over the *habeas* petition, defendants Unknown Named Officers of the Court transferred and forwarded the *habeas* petition to Judge Gilbert in the Southern District of Illinois. Id. The plaintiff states that while sitting in his home district in Illinois, and without the issuance of a second

3

designation under §291, Judge Gilbert presided over and rendered judgment on the *habeas* petition that the plaintiff filed in the Eastern District of Wisconsin. Id.

The plaintiff claims that defendants Unknown Officers of the Court denied his due process rights in violation of the Fifth Amendment when they caused the *habeas* petition to be heard in a "foreign court," contrary to the terms of 28 U.S.C. §2255, and thus without authority. Id. He also claims that defendants Unknown Officers of the Court caused the *habeas* petition to be considered by an individual who "was not authorized to act on behalf of the Sovereign," which constituted a denial of his right to petition the government for redress of grievances in violation of the First and Fifth Amendments. Id. at 4-5.

The plaintiff claims that by presiding over the *habeas* petition without official designation under 28 U.S.C. §291, Judge Gilbert acted in "complete absence of jurisdiction" and denied the plaintiff due process of the law in violation of the Fifth Amendment. Id. at 5. He also claims that Judge Gilbert rendered judgment in the *habeas* petition without conference of such power by 28 U.S.C. §291, which constituted an unauthorized use of Article III power in violation of the plaintiff's rights under Article III, §2, C1.I of the United States Constitution. Id. The plaintiff says that Judge Gilbert presided over and rendered judgment on the *habeas* petition without official designation and without Article III power which constituted a denial of the right to *habeas*

4

corpus in violation of Article I, §9, C1.II of the United States Constitution and 28 U.S.C. §2255. Id.

Finally, the plaintiff alleges that all the defendants denied him equal protection of the law by denying him the Eastern District of Wisconsin proceeding that is available to other similarly situated §2255 petitioners. Id.

The plaintiff seeks declaratory relief, injunctive relief and compensatory and punitive damages. Id. at 5-8.

C. The Court's Analysis

The court takes judicial notice that on temporary designation to the Eastern District of Wisconsin, Judge Gilbert presided over the plaintiff's criminal trial in United States v. Clark, Case No. 11-cr-30-JPG-2 (E.D. Wis.). The court also takes judicial notice that Judge Gilbert considered and resolved the plaintiff's motion to vacate, set aside or correct his sentence under 28 U.S.C. §2255, Clark v. United States, Case No. 15-cv-726-JPG (E.D. Wis.).

On March 8, 2017, the plaintiff filed a motion under Fed. R. Civ. P. 60(b)(4), asking the court to vacate Judge Gilbert's judgment denying his §2255 petition. Clark, Case No. 15-cv-726 at Dkt. No. 37. The basis for the motion was that Judge Gilbert had ruled on the §2255 petition without a designation from the chief judge. Id. at 2. He also asked the court to reassign his case to another judge. Id.

On February 21, 2018, Judge Gilbert issued an order ruling on the plaintiff's motion to vacate the judgment. Clark, Case No. 15-cv-726 at Dkt. No.

44. First, Judge Gilbert agreed with the plaintiff that he had not had jurisdiction to hear and decide the plaintiff's §2255 case. The order said,

> Clark's § 2255 motion was clearly not submitted to the undersigned judge during his original designation period; that designation was for the 2012 calendar year, but Clark filed his § 2255 motion in 2015. Nor was it "unfinished business heard during [the designation] period," Easterbrook Designation, or a "further proceeding" in Clark's criminal case, *see* 28 U.S.C. § 296, which ended with "the judgment of sentence entered upon … a verdict of guilty." *Frad*, 302 U.S. at 317. Although related to his criminal case, Clark's § 2255 motion is considered to be "a separate proceeding, independent of the original criminal case." *Andrews v. United States*, 373 U.S. 334, 338 (1963); *see Heflin v. United States*, 358 U.S. 415, 418 (1959) (stating "a motion under § 2255 … is not a proceeding in the original criminal prosecution but an independent civil suit'). Therefore, the undersigned judge lacked jurisdiction at the time to hear Clark's § 2255 case, and the judgment in that case must be vacated.

Clark, Case No. 15-cv-726, Dkt No. 44 at 4-5.

The order went on to explain, however, that since the plaintiff had filed his motion to vacate, Chief Judge Wood had issued a second designation. Id. at 2.

> On February 14, 2018, the undersigned judge was expressly designated and assigned pursuant to 28 U.S.C. §294(c) to "perform the duties of district judge in the United States District Court for the Eastern District of Wisconsin in the matter of *Ernest Franklin Clark v. United States of America*, No. 15-cv-0726, and for such additional time as may be required to complete unfinished business heard during this period." Order of Diane P. Wood, Chief Judge, United States Court of Appeals for the Seventh Circuit (Feb. 14, 2018) ("Wood Designation").

Id.

Under the second designation, Judge Gilbert denied the plaintiff's request to reassign the 2017 motion to vacate to another judge, vacated his

6

2016 order denying the plaintiff's §2255 motion, reinstated the plaintiff's §2255 petition, then directed the clerk to "re-enter the final order and judgment" dismissing the §2255 petition. Id. at 5-6. Judge Gilbert concluded that Chief Judge Wood's second designation "ha[d] cured the lack of authority for the undersigned judge to decide Clark's § 2255 motion," and said that he would "reenter the same order and judgment forthwith." Id.

The plaintiff filed a notice of appeal. Clark, Case No. 15-cv-726, Dkt. No. 47. The notice of appeal states only that the plaintiff is appealing "from the February 21, 2018 resolution of his Motion to Vacate Judgement pursuant to Federal Rules of Civil Procedure 60(b)(4) wherein the appropriate [sic] was denied." Id. It is not clear whether the plaintiff is appealing the way Judge Gilbert resolved the plaintiff's complaint about the fact that Judge Gilbert decided the §2255 petition despite not being designated to do so (the issue he raises in this §1983 case) or the substance of Judge Gilbert's decision denying his §2255 petition or both. On August 29, 2018, the Seventh Circuit issued an order suspending briefing pending further order of the court. Clark v. United States, No. 18-1615 (7th Cir. filed March 19, 2018), Dkt. No. 8.

If the plaintiff's appeal challenges the fact that Judge Gilbert granted his Rule 60 motion to reopen, reopened the case, vacated his ruling on the §2255 motion then reinstated that same ruling, then his appeal involves similar issues to the ones he raises in this §1983 case. Even if the plaintiff's appeal challenges only Judge Gilbert's denial of his §2255 petition, the Seventh Circuit's ruling would have bearing on whether the plaintiff can show an injury

7

from the constitutional violations he alleges in this §1983 case. It would be premature for this court to decide the issues the plaintiff raised in this §1983 case before the Seventh Circuit has resolved the plaintiff's appeal.

The court will stay the proceedings in this §1983 case until the Seventh Circuit has decided the appeal in its case No. 18-1615. The court will administratively close this case, but preserve the filing date of the complaint (March 5, 2018) for all limitations purposes. Once the Seventh Circuit has decided his appeal, the plaintiff may file a notice advising this court of that fact, and the court will reopen this §1983 case for further proceedings.

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepayment of the filing fee. Dkt. No. 2.

The court **STAYS** this case pending resolution of the plaintiff's appeal in Clark v. United States, No. 18-1615 (7th Cir., filed March 19, 2018).

The court **ORDERS** that the clerk's office shall administratively close this case pending completing of the appellate case referenced above, and further **ORDERS** that the March 5, 2018 filing date of the complaint is preserved for the purposes of all statutes of limitation and other limitations periods.

The court **ORDERS** that the agency that has custody of the plaintiff shall collect from his institution trust account the $326.61 balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the

amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

Dated in Milwaukee, Wisconsin this 24th day of July, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**